UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------------X
                                                                        :
I.T., a minor, by and through Next Friend, B.V.T.R., and                :
Z.T., a minor, by and through Next Friend, B.V.T.R,                     :
                                                                        :       26-CV-02563 (JAV)
                                        Petitioners,                    :
                                                                        :       ORDER
          -v-                                                           :
                                                                        :
                                                                        :
                                                                        :
ROBERT F. KENNEDY, JR., et al.,                                         :
                                                                        :
                                        Respondents.                    :
------------------------------------------------------------------------X

JEANNETTE A. VARGAS, United States District Judge:

Petitioners Z.T. and I.T.—ages 9 and 17, respectively—through their mother and next

friend B.V.T.R, and represented by counsel, filed on March 30, 2026, a Petition for the writ of

habeas corpus under 28 U.S.C. § 2241.  ECF No. 9 ("Pet." or "Petition").  Presently before the

Court is Petitioners' Emergency Motion for Temporary Restraining Order ("TRO"), seeking

Petitioners' immediate release because Petitioners have been in the custody of the Office of

Refugee Resettlement ("ORR") for approximately 220 days and will be imminently moved to

another facility, potentially farther away from their mother.  ECF No. 3 at 2.

At a conference held today, March 31, 2026, counsel for Respondents represented that

ORR intends to complete its assessment of B.V.T.R.'s application to serve as Z.T. and I.T's

sponsor within 48 hours, and does not intend to transfer Petitioners away from Cayuga Centers

today.  Counsel for Respondent lacked information as to whether Cayuga Centers was closing

imminently, and whether Z.T. and L.T. might be transferred before ORR was able to reach a

determination as to whether the minor children could be released into B.V.T.R.'s custody.

As stated on the record at today's conference, the Court **GRANTS IN PART AND DENIES IN PART** Petitioners' motion for a TRO pursuant to Rule 65(b) of the Federal Rules of Civil Procedure.

The Trafficking Victims Protection Reauthorization Act of 2008 prohibits ORR from releasing a child to a proposed custodian unless ORR first "makes a determination that the proposed custodian is capable of providing for the child's physical and mental well-being," which "shall, at a minimum, include verification of the custodian's identity and relationship to the child, if any, as well as an independent finding that the individual has not engaged in any activity that would indicate a potential risk to the child." 8 U.S.C. § 1232(c)(3)(A).

The process for the release of an unaccompanied child from ORR custody involves several steps, including: the identification of sponsors; sponsor application; interviews; the assessment (evaluation) of sponsor suitability, including verification of the sponsor's identity and relationship to the child, background checks, and in some cases home studies; and post-release planning. ECF No. 15 ("Kronk Decl."), ¶ 17. A potential sponsor must complete a sponsorship application package to be considered as a sponsor. *Id.*, ¶ 18. The sponsor must provide unexpired government-issued identification documentation for the sponsor and any other adults living in the household or identified in a sponsor care plan; and, along with any adult living in his or her household, undergo background checks. *Id.* All potential sponsors must also submit proof of address, proof of income, proof of sponsor-child relationship, and criminal history documents (if applicable). *Id.* With respect to the background check process, Title VIII, Section 87001(b)(1) of the One Big Beautiful Bill Act has added the requirement that sponsors submit a social security number or tax payer identification number ("TIN") of the potential sponsor and of all adult residents of the potential sponsor's household. *Id.*, ¶ 19.

Under the governing regulations, "ORR shall adjudicate the completed sponsor application of a parent or legal guardian . . . who has been the child's primary caregiver within 10 calendar days of receipt of the completed sponsor application, absent an unexpected delay (such as a case that requires completion of a home study)."  45 C.F.R. § 410.1205.

The process for B.V.T.R. to be assessed as a potential sponsor for her minor children has been ongoing since August 2025, however.  Kronk Decl., ¶ 17.  During this time, the parties agree that B.V.T.R. has complied with each necessary requirement, including submitting to DNA testing and participating in a home study in February 2026.  ECF No. 5 ("Walsh Aff."), ¶¶ 15, 25-26.  Counsel for ORR did not identify any derogatory information that came to light during this assessment at the hearing held earlier today, and ORR's home study resulted in a positive recommendation for BVTR, indicating that there were no issues in the home, *id.* ¶ 25.

ORR acknowledges that B.V.T.R.'s application is complete.  According to ORR, the only step that remains before a determination can be made is ORR's internal consideration of the waiver of the requirement that B.V.T.R. submit an ITIN.  At the hearing held on this motion, counsel for Respondent further conceded that, upon being notified of this new requirement, Petitioner submitted an application for an ITIN, and this paperwork has been submitted to ORR.

The Court finds that the requirements for temporary injunctive relief have been satisfied on this record.  "In the Second Circuit, a 'showing of irreparable harm is the single most important prerequisite for the issuance of a preliminary injunction.'"  *Basank v. Decker*, 449 F. Supp. 3d 205, 210 (S.D.N.Y. 2020) (quoting *Faiveley Transport Malmo AB v. Wabtec Corp.*, 559 F.3d 110, 118 (2d Cir. 2009)).  The continued detention of minor children apart from their mother certainly constitutes irreparable harm.  *See* Walsh Decl., ¶¶ 28-29.  Moreover, with the

representation that the Cayuga Centers facility is closing imminently, the children face a transfer to a new and unfamiliar location, further compounding their potential confusion and trauma.

Upon due consideration of all proceedings and submissions in connection with the instant motion, the Court hereby ORDERS:

1) ORR must render a decision as to B.V.T.R.'s sponsorship of Z.T. and L.T. by 12 PM on Thursday, April 2, 2026.

2) Respondents are enjoined from transferring Petitioners away from Cayuga Centers during the pendency of the ORR determination.

3) If Cayuga Centers is shut down while Petitioners remain in ORR's custody, or if Petitioners' status with respect to their detention at Cayuga Centers is expected to change for reasons other than release to B.V.T.R. during this time period, counsel for Respondents must IMMEDIATELY notify Petitioners' counsel and the Court.

4) Respondents shall promptly notify Petitioners' counsel and the Court of any pertinent developments to Petitioners' status, including the results of ORR's adjudication of B.V.T.R.'s sponsorship application and Petitioner's release.

5) Respondents shall file a letter on the docket confirming that the relevant Respondent agencies and officials have been served with notice of this Order.

The Clerk of Court is directed to terminate ECF No. 3.

SO ORDERED.

Dated: March 31, 2026
New York, New York

_____
JEANNETTE A. VARGAS
United States District Judge